# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:17-cv-01646-SVW-KES            Date: May 14, 2018

Title: MUSTAFA ZEBDIEH v. JEFF SESSIONS, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      ORDER To Show Cause Why Case Should Not Be Dismissed

On or about August 15, 2017, Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.) Petitioner alleges that he is a native and citizen of Syria who was ordered removed from the United States in June 2017. (Id., ¶ 6.) He asserts that he has been wrongfully detained indefinitely in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center because ICE has been unable to remove Petitioner to Syria. (Id. at ¶¶ 1, 15, 23-27.)

On April 25, 2018, Chief Magistrate Judge Patrick J. Walsh issued an order reassigning the action to this Magistrate Judge for all further proceedings (the "Reassignment Order"). (Dkt. 5.) On April 27, 2018, the Court granted Petitioner's request to proceed in forma pauperis. (Dkt. 6.) On May 1, 2018, the Court issued a further order requiring a response to the Petition (the "Response Order"). (Dkt. 7.) Each of these orders was served on Petitioner at the Adelanto ICE Processing Center.[1]

On May 7, 2018, the Reassignment Order was returned as undeliverable. (Dkt. 8.) It was marked with a stamp stating "Return to Sender … Released." (Id. at 1.) Similarly, on May 11, 2018, the Response Order was returned as undeliverable, marked with the same stamp. (Dkt. 9.)

/ / /

---

[1] Specifically, the orders were served on the following address: "Mustafa Zebdieh, 74100557, GEO Global Inc[.], 10250 Rancho Road, Adelanto, CA 92301."

Based on the return of the Reassignment Order and the Response Order as undeliverable due to Petitioner's "release," it appears that the Petition—which seeks such release—may be moot. Alternatively, if Petitioner remains in custody, it appears that he has failed to comply with Local Rule 41-6, which requires a party proceeding pro se to "keep the Court and opposing parties apprised of such party's current address …." That Rule further states that if "mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." Local Rule 41-6.

Accordingly, Petitioner is ORDERED to show cause on or before June 15, 2018, why this action should not be dismissed (1) as moot or (2) due to Petitioner's failure to provide a current contact address under Local Rule 41-6. Petitioner may comply by sending a written response to the Court that includes an update on his custody status and current address.

If Petitioner does not file such a response, or if this order is returned as undeliverable, then this action will be dismissed.

                                                        Initials of Deputy Clerk JD