O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA ZEBDIEH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFF SESSIONS, Attorney General, ET AL.<br><br>　　　　Respondent. | Case No. 5:17-cv-01646-SVW-KES<br><br>ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE |

## I.

## PROCEDURAL BACKGROUND.

On or about August 15, 2017, Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.) Petitioner alleges that he is a native and citizen of Syria who was ordered removed from the United States in June 2017. (Id., ¶ 6.) He asserts that he has been wrongfully detained indefinitely in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center because ICE has been unable to remove Petitioner to Syria. (Id. at ¶¶ 1, 15, 23-27.)

///

1

On April 25, 2018, Chief Magistrate Judge Patrick J. Walsh issued an order reassigning the action to this Magistrate Judge for all further proceedings (the "Reassignment Order"). (Dkt. 5.) On April 27, 2018, the Court granted Petitioner's request to proceed in forma pauperis. (Dkt. 6.) On May 1, 2018, the Court issued a further order requiring a response to the Petition (the "Response Order"). (Dkt. 7.) The Clerk served each of these orders on Petitioner at the Adelanto ICE Processing Center.[1]

On May 7, 2018, the postal service returned the Reassignment Order as undeliverable. (Dkt. 8.) It was marked with a stamp stating "Return to Sender … Released." (Id. at 1.) Similarly, on May 11, 2018, the postal service returned the Response Order as undeliverable, marked with the same stamp. (Dkt. 9 at 1.)

In light of the return of the Reassignment Order and the Response Order as undeliverable due to Petitioner's "release," the Court issued an order dated May 14, 2018, noting that it appeared that the Petition was moot. (Dkt. 10 at 2.) Alternatively, if Petitioner remained in custody, it appeared that he had failed to comply with Local Rule 41-6, which requires a party proceeding pro se to "keep the Court and opposing parties apprised of such party's current address …." (Id.) Petitioner was ordered to show cause by June 15, 2018, why this action should not be dismissed based on these grounds. (Id.)

On May 15, 2018, one day later, Respondents filed a notice advising that Petitioner had been released from custody and suggesting that this action was therefore moot. (Dkt. 11.)

On May 21, 2018, the postal service returned the May 14, 2018 order to show cause as undeliverable, marked again with a stamp that Petitioner had been released. (Dkt. 13.) The Court thus does not anticipate it will receive a response.

---

[1] Specifically, the orders were served on the following address: "Mustafa Zebdieh, 74100557, GEO Global Inc[.], 10250 Rancho Road, Adelanto, CA 92301."

2

## II.

## DISCUSSION.

Based on the foregoing, the Petition is dismissed on two grounds: (1) Petitioner's failure to comply with Local Rule 41-6; and (2) Petitioner's release from detention, which renders the Petition moot. See Local Rule 72-3.2 ("[I]f it plainly appears from the face of the petition …that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.").

### A. **Failure to Comply with Local Rule 41-6.**

Local Rule 41-6 provides as follows:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); L.R. 41-1, 41-6; Link v. Wabash R. Co., 370 U.S. 626, 629-630 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (1995) (per curiam).

In determining whether to dismiss a case for failure to prosecute, failure to comply with court orders, or failure to comply with a local rule, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the

public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006); Gibbs v. Hedgpeth, 389 F. App'x 671, 673 (9th Cir. 2010) (applying five factors in habeas proceeding). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the five factors support dismissal of Petitioner's action based on his failure to provide the Court a current address in compliance with Local Rule 41-6. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—also supports dismissal. The Ninth Circuit has noted that the "legitimate and solitary" objective of provisions such as Local Rule 41-6 is "to give pro se litigants an incentive to inform the court of any change of address to allow for the orderly processing of the lawsuit." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to provide an updated address undermines this objective.

The third factor—prejudice to Respondents—supports dismissal. This case had been pending for months without action by Petitioner, and Petitioner has not received the order to show cause requiring his participation due to his failure to provide an updated address. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure … The law presumes injury from unreasonable delay." Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (citing Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994)).

The fourth factor—availability of less drastic sanctions—favors dismissal. Local Rule 41-6 by itself requires Petitioner to keep the Court notified of a current address. After the Court learned of Petitioner's potential release from custody, it

also independently issued an order affirmatively requiring Petitioner to provide an update on his custody status. (Dkt. 10.) The postal service returned that order as undeliverable. (Dkt. 13.) The Court is therefore unable to contact Petitioner to impose some lesser sanction. See Carey, 856 F.2d at 1441.

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The impact of that factor is mitigated here, however, by the likelihood that Petitioner's release from custody rendered his claim moot, as discussed below.

Since four of five enumerated factors support dismissal, this action is dismissed without prejudice pursuant to Rule 41(b) and Local Rule 41-6. See Local Rule 41-6 (authorizing dismissal "with or without prejudice for want of prosecution").

**B.    Mootness.**

Alternatively, the Petition is dismissed without prejudice as moot. Respondents represent that "on or about November 2, 2017," ICE "released [Petitioner] from immigration custody on an order of supervision." (Dkt. 11 at 2.) Accordingly, Respondents contend that Petitioner's requested relief (that he be released from custody) has been granted.

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies." Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted); see also United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007) (citations omitted). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit as a result of some actual injury that is likely to be "redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998). When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot. Calderon v. Moore, 518 U.S. 149, 150 (1996). Consequently, "habeas petitions [that] rais[e]

claims that were fully resolved by release from custody" are moot. Abdala v. INS, 488 F.3d 1061, 1065 (9th Cir. 2007); see id. at 1064-65 ("[A] petitioner's release from detention under an order of supervision 'moot[s] his challenge to the legality of his extended detention.'") (citing Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002); Sayyah v. Farquharson, 382 F.3d 20, 22 n.1 (1st Cir. 2004)). Because mootness is a jurisdictional bar, moot petitions should be dismissed. Kittel, 620 F.3d at 951-52.

ICE states that it has released Petitioner from immigration custody (Dkt. 11), so there is no further relief this Court can provide in this action. Petitioner has not responded to the Court's order to show cause, and has not asserted any collateral consequences that are redressable by success on his original petition, which challenged the length of his detention. Spencer, 523 U.S. at 7 ("Once the convict's sentence has expired … some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.").

There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." Spencer, 523 U.S. at 17. However, this exception is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow for full litigation before it ends, and (2) there is a reasonable expectation that the petitioner will be subjected to the challenged action again. Id.; Alaska Ctr. For Env't v. U.S. Forest Serv., 189 F.3d 851, 854-55 (9th Cir. 1999). Petitioner has "the burden of showing there is a reasonable expectation that [he] will once again be subjected to the challenged activity." Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1390 (9th Cir. 1985)(citation omitted). Petitioner has not shown that there is a reasonable expectation that he will be subject to indefinite detention proceedings in the future, or that the time spent in ICE detention will always be so short as to evade review.

///

6

Further, although the Petition seeks injunctive relief enjoining Respondents "from further unlawful detention of Petitioner," (Dkt. 1 at 8 [prayer for relief]), a challenge to any future detention is not yet prudentially ripe. See Alaska Right to Life Political Action Comm'n v. Feldman, 504 F.3d 840, 849 (9th Cir. 2007) ("Prudential ripeness, … involves 'two overarching considerations: the fitness of the issues for judicial review and the hardship to the parties of withholding court consideration.'") (quoting Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1141 (9th Cir. 1999)). Again, it is not clear that (1) another detention of Petitioner will occur, or (2) that any future detention will violate the holding of Zadvydas v. Davis, 533 U.S. 678 (2001), which serves as the basis of the Petition. See Zadvydas, 533 U.S. at 701 (six months is the presumptively reasonable period after entry of a removal order during which ICE may detain aliens to effect their removal). As Petitioner is not currently detained, he has not demonstrated that he would be harmed by delayed consideration. See Tovmasyan v. Lynch, No. 16-cv-319 AB-FFM, 2016 U.S. Dist. LEXIS 183872, at *4 (C.D. Cal. July 15, 2016), adopted at 2017 U.S. Dist. LEXIS 19364 (C.D. Cal. Feb. 10, 2017) ("Several courts within this district have found that ripeness principles extend to instances where a habeas petitioner in ICE custody seeks to preemptively enjoin future, 'illegal' custody.").

///
///
///
///
///
///
///
///
///

## III.
## CONCLUSION.

Based on the above, the Petition is dismissed without prejudice. A separate judgment will be entered.

DATED: June 25, 2018

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. KAREN E. SCOTT
United States Magistrate Judge